UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph Charles GUARDINO, Defendant-Appellant.

No. 77–5049
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1977.

Rehearing Denied Dec. 15, 1977.

J. A. Canales, Corpus Christi, Tex. (court appointed), for defendant-appellant.

James R. Gough, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

---

\* Senior District Judge of the Southern District of New York, sitting by designation.

1. The Tax Court's opinion may be found at 34 T.C.M. (CCH) 337 (1975).

\* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

Joseph Guardino appeals from his conviction of possession of marijuana with intent to distribute. His sole contention on appeal challenges the sufficiency of the evidence introduced to sustain his conviction. This contention is meritless as there was more than ample evidence to sustain the conviction.

Guardino was riding with a friend, Vernon Brewer, when Brewer's car was stopped for a routine citizenship check at the permanent Border Patrol checkpoint at Falfurrias, Texas. The Border Patrol officer detected the smell of marijuana and asked Brewer to open his trunk. A brief search revealed 49 pounds of marijuana in brick form located in a gunny sack in the trunk of Brewer's car. Brewer and Guardino were immediately arrested.

At trial, Guardino testified on his own behalf. He admitted knowing of the marijuana deal which was arranged by his brother, Brewer, and a family in south Texas. He also admitted knowing that the car he was riding in with Brewer, when stopped, was loaded with the marijuana.

This Court must sustain the verdict rendered below if there is substantial evidence to support it, taking the view most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Here, the evidence clearly supports the inference that appellant was engaged in a joint venture with his brother and his friend, Brewer. Furthermore, appellant was plainly in constructive possession of the marijuana and the quantity discovered clearly supports the inference that distribution was intended. *United States v.*

*Johnson,* 5 Cir. 1972, 469 F.2d 973. The conviction is AFFIRMED.